Turley, J.
delivered the opinion of the court.
This bill is filed by the complainant for an allotment of her dower out of the real estate of which her first husband , , . . James M. Banks died seized, Her right to this allotment depends upon the construction which is to be given to his will in connection with the ant of 1784, c 22, § &.
*386 James M. Banks died in 1835, leaving a last will and testament, by which he made provision for his wife, the complainant, out of his personal property, but not of his real, except so far as to her maintenance, until a division of his estate should be made, under the provisions of his will. The complainant never expressed any dissent from this will, until the time of filing this bill, which is more than six months after the probate of the will. And it is now contended,—
That inasmuch as by the law, before the passage of the act of 1784, c 22, § 8, the wife could not have been deprived of her dower in the lands of her husband, except by jointure before marriage, or by a provision for her in the will of her husband made expressly in bar of her dower, or which must from necessary construction be held to have been intended as such express provision, — she could not, by any provision for her, in a last will and testament be so barred, under the act of 1784, c 22, § 8, unless the provision were of such a character as to force her to an election, independent of the statute.
It is admitted that previous to the passage of the act of 1784, a provision for a wife in the will of the husband, did not necessarily conflict with her right of dower in the lands of her husband, unless there was a case of election under the will; and that until the election was made, her rights were .not concluded. But it is contended, that since that time, any provision for the wife in the will of the husband necessarily constitutes a case of election, and that this election must be made within six months after the probate of the will.
This brings us to an examination of the statute, which so far as is necessary for present purposes, is in the words following, to wit: "And whereas, the dower allowed by law in lands for widows, in the present unimproved state of the country, is a very inadequate provision for the support of such widows, and it is highly just and reasonable that those, who by their, prudence, economy and industry, have contributed to raise up an estate to their husbands should be entitled to share in it. Be it therefore further enacted, that if any per son shall die intestate, or shall make his last will and testa.ment, and not therein make any express provision for his *387 wife, by giving and devising unto her such part or parcel of of his real or personal estate, or to some other for her use, as shall be satisfactory to her, such widow may signify her dissent thereto, before the judges of the superior court, or in the court of the county wherein she resides, in open court within six months after the probate of said will, and then and in that case, she shall be entitled to dower,” &c>
In the construction of this statute, it is contended, that by the terms of its preamble, we must intend that it was designed to place widows in a better situation than they were before, and that we cannot do this, if we compel them to elect under a will, in all cases, in which a provision is made for them, and within six months; because, that previous to the passage of the law, the widow was endowable of all the lands of which her husband was seized during coveiture; and because a devise of property to her did not necessarily deprive her of this right, or force her to an election.
At first blush, this argument has weight, but upon full consideration, it is well answered. 1 — The preamble of a statute never is resorted to but in cases of doubtful construction. Is this such a case? We think not. Rights of every kind depend upon, and are regulated by the laws of the community; and of necessity therefore, they may be changed and modified as the community may think proper, and in this particular there is no one right more sacred than another.
By the provisions oí the common law, a widow was en-dowable of all the lands oí which her husband was seized during coverture. There is nothing in the nature of our institutions, which would prevent a total change as to this right; even so far as to deprive her of it altogether. But the change made by the act of 1784, c 22, § 8, is a modification of her rights as they existed at common law, not a deprivation of them. And this modification exists in the provision, that she shall be endowed of the lands of which her husband dies seized — instead of the common law provision, that she shall be endowed of the lands of which he was seized during co-verture — provided he shall die intestate, or shall make his last will and testament, and not therein make any express provision for her which shall be satisfactory to her. But if *388 a provision be made by will, she must express her dissent thereto, within six months after the death of he- husband, if such provision be not satisfactory to her.
Then a widow is only entitled to dower, when her husband dies intestate, or shall have made an unsatisfactory provision for her in his will. But inasmuch as the power to dissent changes the whole operation of the will, and opens the estate both real and personal to her rights, it is provided, and we think upon wise principles, that she must elect to take under, or against, the will within six months after the probate of the will, a period of time before any division, or distribution of the estate has been made, so that persons claiming under the will may know what their rights are, and not to be harassed by the claims of the widow at any indefinite time after the death of the testator.
This is not denied, if there be a case of election under the will, but it is contended that the statute makes no case of election, which would not have been such before its passage.
We do not think so. Previous to the passage of this act, no devise either of real or personal property would compel a widow to elect, unless it were given expressly in bar of hep dower, or under such circumstances, as by construction would be held to have been so intended; but by the statute it is provided, that a provision for her out of the real or per-, sonal estate of the husband shall of itself constitute a case of election, which must be made in six months after the probate of the will, or she shall be bound by its piovisions.
This is the first time this court has been called upon to give a construction to this statute upon this point, but it has. been elaborately examined by the Supreme Court of North Carolina, in the case of Mary Craven vs. Peter Craven, 4 Dev. 338, when it received the same construction now given to it. To the able opinion of Judge Gaston we give our full assent, and feel that we can add nothing to it in illustra-. tion of the principles therein contended for.
2. But if it were necessary to show that the widow’s situation was improved by the passage of the act of ¡784, it can be done. Previous thereto she had no fixed right to a *389 portion of her husband’s personal estate; and of consequence she never could receive it, unless he should die intestate or give it to her by will. As the statute says, in the then unimproved state of the country, the dower in land was a very inadequate provision, and to prevent her being thrown upon It entirely for her support, it provides, that she shill have a part of the personalty, of which her husband can no more deprive her, than he can of her dower in land, provided she take the steps for the protection of her rights required by law. This was a great and important change in favor of the widow, and well justified the restrictions imposed upon her by the statute. There is no hardship resulting from the change of the common law, and the endowing her only of the lands of which her husband dies seized, because she is protected against gifts in fraud of her dower; and if her husband wills his real estate, it is converted into personalty, of which she is entitled to her distributive share under the statute.
Note. “Prior to the reign of Charles 1, five, and until the passing of the act 3 and 4 Wm. 4, c. 105, four kinds of dower were known to the English law.
1. Dower at the common law.
2. Dower by custom.
3. Dower ad ostium ecch$i(£.
4. Dower ez ass&nsu patris.
5. Dower dc la plus bcale.
This last was a mere consequence of tenure by knight’s service, and was abolished by st. 12 ('. 2, c. 24; and the 3d and 4th having long become obsolete, were finally abolished by the above statute of Wm. 4.
‘ By the old law, dower attached upon the lands of which the husband was :«•)/«■«! any lime during the* marriage, and which a child of the husband might by possibility inherit; and they remained liable to dower in the hands of a purchaser, though various ingenious modes of conveyancing were contrived, which in some cases prevented the attaching of dower: but this liability was productive of great inconvenience, and frequently of injustice. The law too was inconsistent, for the wife was not dowable ou t of her husband’s equitable estates, although the husband had his curtesy in those to which the wife was equitably entitled. To remedy these inconveniencias, the statute above mentioned was passed, and its object may be stated to be, 1. to make equitable estates in possession liable to dower; 2, to take away the right to dower out of lands disposed ofby the husband absolutely in his life or by will; 3. to enable the husband, by a simple declaration in a deed or will to give the right to dower.
*389 We cannot therefore see any just cause for the abuse which this law has received. It is plain and specific in its terms, find has, as it purports, ameliorated the situation of widows.
There can be then no reason for giving it the restrained construction contended for.
Being of the opinion then, that when provision is made fora wife in a will, she is bound to take under the will, and not-against it, unless she dissent within six months, after the pro-, bate, it follows, that the complainant is not entitled to the. relief sought, inasmuch as she has not complied with the provision of the statute.
Before the stat, 3 & 4 Wm. 4, c. 105, a fine or recovery by the husband and wife was the only mode by which a right to dower which had already attached could be barred, though, by means of a simple form of conveyance, a husband might have prevented the right to dower from arising at all upon lands purchased by him. By the above mentioned statute, it is provided that no woman shall be entitled to dower out of lands absolutely disposed of by her husband either in his life or by will, and that his debts and engagements shall be valid and effectual as against the rights of the widow to dower. And further, that any declaration by the husband either by deed or will, that the dower of his wife shall be subjected to any restrictions, or that she shall not have dower, shall be effectual. It is also provided, that a simple devise of real estate to the wife by the husband shall, unless a contrary intention be expressed, operate in bar of her dower.
Most of these alterations, as indeed may be said of many others, which have recently been made in (he ¿higlish real property law, have long been established in the United States. An account of the various enactments and provisions in force in the different states respecting dower may be found in 4 Kent’s Commentaries, 34 — 72.” Penny Cyclopaedia, Art. Dower; 1 Chitty’s General Pr. 252.